ORIGINAL

United States District Court
Southern District of Texas
FILED

JAN 14 2000

Michael N. Milby, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| UNITED STATES OF AMERICA, | § | |
|---|---|---|
| | § | |
| Plaintiff | § | |
| | § | CIVIL ACTION C-00-027 |
| versus | § | (Claim: 93083) |
| | § | |
| JULIANNE ALEGRIA, | § | |
| | § | |
| Defendant | § | |

# Complaint

1. *Jurisdiction.* The district court has jurisdiction because the United States is a party. *See* U.S. CONST., art III, § 2, and 28 U.S.C. § 1345.

2. *Venue.* The defendant is a resident of Kleberg County, Texas, and may be served with process at 1402 E Yoakum Avenue, Kingsville, Texas 78363.

3. *The Debt.* The debt owed the United States is:

   A. Current principal                                              $ 17,491.51

   B. Current interest (capitalized and accrued)                     $  4,301.62

   C. Administrative fees, costs, penalties                          $      0.00

   D. Attorney's fees                                                $    550.00

   E. Balance due                                                    $ 22,343.13

   F. Prejudgment interest accrues at

      8.00% per annum being $ 3.83 per day.

   G. MINUS payments pursuant to Payment Program after               $ -1,150.00

      date of the Certificate of Indebtedness

TOTAL OWED:                                                                $  21,193.13

The current principal in paragraph 3 A is after credits of $ 4,056.12, plus the sum in paragraph G.

The certificate of indebtedness, attached as Exhibit A, shows the total owed excluding attorney's fees and central intake facility charges. On the date of the certificate the principal and interest shown were correct after credits having been applied.

4.  *Failure to pay*. Demand has been made on the defendant to pay the indebtedness, and the defendant has failed to pay it.

5.  *Prayer*. The United States prays for judgment for:

   A.   The sums in paragraph 3 plus pre-judgment interest through the date of judgment, administrative costs, and post-judgment interest.

   B.   Attorney's fees; and,

   C.   Other relief the court deems proper.

                                    Respectfully submitted,

                                    ALONSO & CERSONSKY, P.C.

   By: _____
                                    M. H. Cersonsky
                                    Attorney in Charge
                                    State Bar: 04048500
                                    Southern District: 5082
                                    5065 Westheimer, Suite 600
                                    Houston, Texas 77056
                                    Telephone: (713) 840-1492
                                    Fax: (713) 840-0038

                                    Attorneys for Plaintiff

# U. S. DEPARTMENT OF EDUCATION
# SAN FRANCISCO, CALIFORNIA

## CERTIFICATE OF INDEBTEDNESS

Julianne Alegria
1402 E Yoakum Ave
Kingsville, TX  78363-4824
SSN: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

I certify that Department of Education records show that the borrower named above is indebted to the United States in the amount stated below plus additional interest from 11/09/98.

On or about 03/05/86, 03/15/87, 03/02/88, 02/04/89 and 03/01/91, the borrower executed promissory note(s) to secure loan(s) of $2,500.00, $2,625.00, $2,000.00, $2,000.00, $2,000.00, $2,000.00 and $2,000.00, from Kleberg First National Bank of Kingsville, Kingsville, TX at 8 percent interest per annum. This loan obligation was guaranteed by Texas Guaranteed Student Loan Corporation and then reinsured by the Department of Education under loan guaranty programs authorized under Title IV-B of the Higher Education Act of 1965, as amended, 20 U.S.C. 1071 et. seq. (34 CFR Part 682). The holder demanded payment according to the terms of the note(s), and credited $0.00 to the outstanding principal owed on the loan(s). The borrower defaulted on the obligation on 03/22/93 and 09/22/93, and the holder filed a claim on the guarantee.

Due to this default, the guaranty agency paid a claim in the amount of $18,985.29 to the holder. The guarantor was then reimbursed for that claim payment by the Department under its reinsurance agreement. The guarantor attempted to collect the debt from the borrower. The guarantor was unable to collect the full amount due, and on 01/10/96, assigned its right and title to the loan(s) to the Department.

Since assignment of the loan, the Department has received a total of $3,499.00 in payments from all sources, including Treasury Department offsets, if any. After application of these payments, the borrower now owes the United States the following:

| | |
|---|---|
| Principal | $17,491.51 |
| Interest: | $4,301.62 |
| Administrative/Collection Costs: | $0.00 |
| Late Fees: | $0.00 |
| Total debt as of 11/09/98: | $21,793.13 |

Interest accrues on the principal shown here at the rate of $3.83 per day.

Pursuant to 28 U.S.C. § 1746(2), I certify under penalty of perjury that the foregoing is true and correct.

Executed on: 11/24/98          Name: _____
                               Title:   LOAN ANALYST
                               Branch: LITIGATION BRANCH

PLAINTIFF'S EXHIBIT A

B3-2/ED-LITGN/COIFSL.DOC